UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KEVIN BRAZIER,

    Petitioner,

        v.                                       CAUSE NO. 3:19-CV-948-JD-MGG

WARDEN,

    Respondent.

## OPINION AND ORDER

Kevin Brazier, a prisoner without a lawyer, filed a habeas corpus petition challenging disciplinary actions taken against him as a result of an incident occurring on February 10, 2019. He challenges a disciplinary hearing that took place on February 26, 2019 (MCF 19-02-0240), where a Disciplinary Hearing Officer (DHO) found him guilty of unauthorized possession of property in violation of Indiana Department of Correction (IDOC) offense B-215. As a result of that hearing, he was sanctioned with the loss of 60 days earned credit time and a demotion in credit class, in addition to other non-grievous sanctions. He is also challenging several disciplinary hearings that took place on March 12, 2019 (MCF 19-02-0254; MCF 19-02-0255; MCF 19-02-0256; MCF 19-02-0257; MCF 19-02-0258), where a Disciplinary Hearing Officer (DHO) found him guilty of five counts of battery based on five separate conduct reports brought by five separate officers, all in violation of Indiana Department of Correction (IDOC) offense A-102. In each of these cases, he was sanctioned with the loss of 180 days earned credit time and a demotion in credit class, in addition to other non-grievous sanctions.

Because Brazier could be released as soon as January 16, 2020, both the briefing and the court's decision in this case have been expedited.

The Fourteenth Amendment guarantees prisoners certain procedural due process rights in prison disciplinary hearings: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision-maker; (3) an opportunity to call witnesses and present documentary evidence in defense, when consistent with institutional safety and correctional goals; and (4) a written statement by the fact-finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 563-73 (1974). To satisfy due process, there must also be "some evidence" in the record to support the guilty finding. *Superintendent, Mass Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985).

The first two conduct reports (MCF 19-02-0240; MCF 19-02-0254) set forth the same facts. Officer Williams asserts that he was walking the range when Brazier asked for more toilet paper. According to Officer Williams, when he gave him the roll of toilet tissue, Brazier grabbed his hand, scratched him, and then grabbed his stab-proof vest and, ultimately, his O/C spray. He then attempted to spray Officer Williams in the face. The spray hit Officer Williams between his right ear and mouth. Brazier refused to comply with an order to return the O/C spray. Sergeant J. Cree, Sergeant Z. Workman, Officer A. Banks, and Captain M. Schoettmer all wrote separate conduct reports (MCF 19-02-0255; MCF 19-02-0256; MCF 19-02-0257; MCF 19-02-0258) describing the same incident and indicating that Brazier shot the O/C spray at them, too. In addition to

being hit with O/C spray, the officers assert that Brazier threw a bag of a warm, unknown substance on Officer Banks as he tried to recover the O/C spray.

Brazier pled not guilty to each of these charges. He requested several different witnesses in each of his various cases, and witness statements were obtained from each of those witnesses. He also asked for a cell extraction video. That video could not be provided because the cell extraction team was not used, and no video was available. Brazier was found guilty in each of these cases based on staff reports, evidence from witnesses, and in the case of possession of unauthorized property, a picture of the unauthorized item. Brazier appealed each of these findings. When his appeals were denied, he filed second level appeals, which were also denied.

Brazier raises three grounds in his petition. He asserts that he was denied an impartial hearing officer, that he was denied evidence, and that he was discriminated against. Although not stated as a separate ground, he also argues that the conduct reports were false and that there was insufficient evidence to support these findings of guilt.

Respondent argues that each of the three grounds set forth in his petition were procedurally defaulted as to five of the six conduct reports (MCF 19-02-0254; MCF 19-02-0255; MCF 19-02-0256; MCF 19-02-0257; MCF 19-02-0258) because he did not raise them in his administrative appeals. In habeas corpus proceedings, the exhaustion requirement is contained in 28 U.S.C. § 2254(b).

> Indiana does not provide judicial review of decisions by prison administrative bodies, so the exhaustion requirement in 28 U.S.C. § 2254(b) is satisfied by pursuing all administrative remedies. These are, we held in *Markham v. Clark*, 978 F.2d 993 (7th Cir. 1992), the sort of "available

3

State corrective process" (§ 2254(b)(1)(B)(I)) that a prisoner must use. Indiana offers two levels of administrative review: a prisoner aggrieved by the decision of a disciplinary panel may appeal first to the warden and then to a statewide body called the Final Reviewing Authority. Moffat sought review by both bodies, but his argument was limited to the contention that the evidence did not support the board's decision. He did not complain to either the warden or the Final Reviewing Authority about the board's sketchy explanation for its decision. *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999), holds that to exhaust a claim, and thus preserve it for collateral review under § 2254, a prisoner must present that legal theory to the state's supreme court. The Final Reviewing Authority is the administrative equivalent to the state's highest court, so the holding of *Boerckel* implies that when administrative remedies must be exhausted, a legal contention must be presented to each administrative level.

*Moffat v. Broyles*, 288 F.3d 978, 981-82 (7th Cir. 2002). In his administrative appeals of MCF 19-02-0254; MCF 19-02-0255; MCF 19-02-0256; MCF 19-02-0257; MCF 19-02-0258, Brazier argued that he is innocent, and at least arguably, that he was denied evidence. (ECF 6-25 at 1; ECF 6-41 at 1; ECF 6-56 at 1; ECF 6-71 at 1; ECF 6-87 at 1.) However, nowhere in his appeals of these findings of guilt does he argue that the DHO was biased or that he was discriminated against. Thus, he is procedurally defaulted on these grounds as to MCF 19-02-0254, MCF 19-02-0255, MCF 19-02-0256, MCF 19-02-0257, and MCF 19-02-0258. Furthermore, Brazier has not demonstrated cause and prejudice for his procedural default. *See Weddington v. Zatecky*, 721 F.3d 456, 465 (7th Cir. 2013).[1]

In Brazier's first ground, he asserts that he was denied an impartial hearing officer. This ground is procedurally defaulted as to each conduct report except MCF 10-02-0240, and Brazier offers no facts suggesting that the DHO that handled that hearing was impartial.[2] In the prison disciplinary context, adjudicators are "entitled to a

---

[1] Brazier did not file a traverse, despite being advised that he could do so. (ECF 6 at 31.)

[2] He asserts that DHO Gardner (presumably Holli Windgardner) was biased in that she told him that "she was told to find [him] guilty." (ECF 1 at 3.) DHO Windgardner, however, did not handle MCF

4

presumption of honesty and integrity," and "the constitutional standard for improper bias is high." *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). Due process prohibits a prison official who was personally and substantially involved in the underlying incident from acting as a decision-maker in the case. *Id*. However, due process is not violated simply because the hearing officer knew the inmate, presided over a prior disciplinary case, or had some limited involvement in the event underlying the charge. *Id*. Brazier has not demonstrated that the DHO that handled MCF 10-02-0240 was directly or otherwise substantially involved in the factual events underlying the disciplinary charges or the investigation of the incident. *Id.* Because he has not rebutted the presumption that the DHO was acting with honesty and integrity, the court finds that this ground does not identify a basis for habeas corpus relief.

Next, Brazier claims that he was denied evidence. More specifically, he requested the cell extraction video in each of his cases, and in each case the request was denied because there was no video. It was not a due process error for the DHO to have not considered evidence which did not exist. Thus, to the extent that this ground was not procedurally defaulted, it does not provide a basis for habeas corpus relief.

Brazier's third ground is that the officers filed these conduct reports as an act of discrimination. To the extent he is alleging that the officers violated the Equal Protection Clause, his argument lacks merit. "To establish liability for an equal protection violation, a plaintiff must establish that the defendant acted with a discriminatory

---

10-02-0240. Furthermore, DHO Windgardner denies this assertion. (ECF 7.) Because this ground was procedurally defaulted as to each of the hearings that DHO Windgardner conducted, the court need not resolve this factual dispute.

purpose and discriminated against him because of his membership in an identifiable group." Brazier, however, does not allege that he was discriminated against because of membership in any identifiable group, and this therefore is not a basis for granting habeas relief. *See Dunnet Bay Const. Co. v. Borggren*, 799 F.3d 676, 697 (7th Cir. 2015).

Lastly, the court considers Brazier's assertion that the findings of guilt were not supported by sufficient evidence. In the context of a prison disciplinary hearing, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56. "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotation marks omitted).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

Brazier was charged and convicted of violating IDOC B-215, which prohibits "[u]nauthorized possession, destruction, alteration, damage to, or theft of property."

6

(ECF 6-89 at 1.) He was also charged and convicted of violating IDOC A-102, which prohibits "[k]nowingly or intentionally touching another person in a rude, insolent, or angry manner; or in a rude, insolent, or angry manner placing any bodily fluid or bodily waste on another person." (*Id.* at 2.)

Here, each of the conduct reports was supported by the statement of at least one officer. Officer Williams' statement indicated that Brazier both possessed unauthorized property and engaged in battery by scratching him and by spraying C/O spray at him. Each of the other four officers also asserted that Brazier sprayed C/O spray at them. Brazier had statements from offenders that contradicted those officers, but the DHO was not required to credit those statements. *See McPherson*, 188 F.3d at 786 (the court is not "required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence.").

The DHOs had sufficient evidence to find Brazier guilty of the offenses he is challenging here. The Conduct Reports and staff statements in each case are sufficient to find Brazier guilty. It was not arbitrary for the DHO to conclude that Brazier possessed unauthorized property or committed battery upon officers when multiple officers made statements supporting the charges. Therefore, the court concludes that the DHO's finding that Brazier was guilty of possessing unauthorized property and battery were neither arbitrary nor unreasonable in light of the facts supporting each charge.

If Brazier wants to appeal this order, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma

pauperis on appeal because pursuant to 28 U.S.C. § 1915(a)(3) an appeal in this case could not be taken in good faith.

For these reasons, Kevin Brazier's petition for writ of habeas corpus is DENIED. The clerk is DIRECTED to close the case.

SO ORDERED on January 9, 2020

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT